IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANCE W. RANKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0311-CVE-PJC |
| | ) |
| CITY OF PRYOR; | ) |
| PRYOR POLICE DEPARTMENT; | ) |
| JAMES WILLYARD; | ) |
| STEVE LEMMINGS; | ) |
| PRYOR DRUG TASK FORCE TEAM, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On May 19, 2011, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed June 2, 2011 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to submit an initial partial filing fee payment. The Court also dismissed Defendants Pryor Police Department and Pryor Drug Task Force Team, and dismissed Plaintiff's request for dismissal of pending criminal charges. See Dkt. # 4. On August 2, 2011, the Clerk of Court received Plaintiff's initial partial payment (Dkt. # 7). On August 4, 2011, the Clerk of Court received a letter from Plaintiff concerning payment of the filing fee (Dkt. # 8). For the reasons discussed below, the Court finds that Plaintiff's claims against the remaining defendants shall be stayed pending resolution of the criminal charge presently pending in Mayes County District Court.

**A. This case shall be stayed pending resolution of criminal charge in state court**

In his complaint, Plaintiff alleges that he "was subjected to a warrantless search and seizure on 5-6-10 and not arrested until months later, no consent to search was given and Miranda rights

were never offered or given." See Dkt. # 1. Based on those allegations, Plaintiff raises the following grounds for relief:

Count 1: Violation of plaintiff's 14th, 6th, 8th, 4th, and 10th Amendment rights set forth by the Constitution of the United States.
On 5-6-10, Plaintiff was subjected to a warrantless search and seizure by Officers James Willyard and Steve Lemmings of the Pryor, Okla., police dept., of my residence located at 327 SW Graham Ct.

Count 2: Officers Willyard and Lemmings without consent or warrant entered my residence and held me against my will while a search was made.
Officer Willyard on same date, time and address listed above entered my residence and entered my bedroom where I was located and advised me not to move as a search was being made of my home.

Count 3: Violation of due process of law, subjecting Plaintiff to cruel and unusual punishment by threat and force of a lawless action of Pryor Police Dept. and its officers and discrimination because of Plaintiff's past.
Officer Willyard shows obvious abuse of power by holding me in the bedroom of my residence while Officer Lemmings and other unknown officers conducted the search of my residence of the above listed place, date, and time. I was not arrested until months later.

(Dkt. # 1).

Plaintiff's complaint reflects that his claims arise from an allegedly unconstitutional search and seizure that occurred on May 6, 2010, and his subsequent arrest and detention based on evidence recovered during the search. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). The Tenth Circuit has extended Heck beyond the context of convictions to include claims challenging the

validity of an arrest or prosecution on pending charges, such as the claims presented by Plaintiff in this case. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999) (stating that "Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed"). However, in Wallace v. Kato, 549 U.S. 384 (2007), the United States Supreme Court held that the "Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" Id. at 393 (quoting Heck, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond Heck" and rejected it. Id. (italics in original). Although the Supreme Court was considering when the statute of limitations begins to run on a false arrest/false imprisonment claim, the discussion quoted above means that the holding of Heck does not apply if a plaintiff has been arrested or charged, but not convicted.[1]

In Wallace, the Supreme Court also said that if a plaintiff files a § 1983 action challenging the validity of his arrest before he is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the federal district court's power, and accords with common practice, to stay the federal civil action until the criminal case or the

---

[1]The Court notes that the Tenth Circuit has continued to apply Heck to § 1983 cases based on pending criminal charges by relying upon Beck despite the existence of Wallace. See, e.g., Williams v. Weber Morgan Strike Force, 2009 WL 500666 (10th Cir. March 2, 2009); Carson v. Tulsa Police Dept., 266 Fed.Appx. 763, 766 (10th Cir. Feb. 21, 2008). Other circuits, however, have found that Wallace has unequivocally determined that Heck does not apply in a pre-conviction context. See Fox v. DeSoto, 489 F.3d 227, 234 (6th Cir. 2007); McClish v. Nugent, 483 F.3d 1231, 1251 (11th Cir. 2007); Zarro v. Spitzer, 274 Fed.Appx. 31, 35 (2d Cir. Apr. 18, 2008).

likelihood of a criminal case is ended. Id. at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed. Id. at 394.

In this case, Plaintiff's criminal case, Mayes County District Court, Case No. CF-2010-398, is presently scheduled for preliminary hearing on August 25, 2011. See www1.odcr.com. He has not been convicted. Therefore, the Court finds it is appropriate to follow the Supreme Court's suggestion and stay this case pending resolution of the criminal charge filed in Mayes County District Court. The Clerk of Court shall be directed to administratively close this matter. The Court retains complete jurisdiction, however, to reopen this case upon the application of Plaintiff should further litigation be necessary.

**B. Filing fee obligations**

On August 4, 2011, the Clerk of Court received a letter from Plaintiff (Dkt. # 8) acknowledging his obligation to continue making monthly payments until he has paid the full filing fee for this case and for another civil rights case filed in this Court, N.D. Okla. Case No. 11-CV-204-GKF-PJC. He asks that he be allowed to pay the filings fees for the two cases, one case at a time.

Plaintiff shall be allowed to pay the filing fees one case at a time. Because Plaintiff filed Case No. 11-CV-204-GKF-PJC first, he shall be required to satisfy the filing fee requirement for that case first. Once the full filing fee has been collected for that case, officials at the Rogers County Jail shall continue collecting and forwarding 20 percent of the preceding month's income credited to Plaintiff's account until Plaintiff has paid the full filing fee for this case.

The Court's records reflects that in this case, Plaintiff has submitted one (1) partial payment in the amount of $27.15. Therefore, the current balance owed for this case is **$322.85**.

4

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. This case is **stayed** pending resolution of the criminal charge against Plaintiff.

2. The Clerk shall **administratively close** the case.

3. If Plaintiff desires to continue with this case after disposition of the criminal charge against him, he must request that the stay be lifted within thirty days of disposition of the criminal charge, unless an appeal is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

4. Plaintiff shall be allowed to pay the filing fees for this case and for N.D. Okla. Case No. 11-CV-204-GKF-PJC one case at a time as directed herein.

5. Once he has completed full payment of the filing fee for Case No. 11-CV-204-GKF-PJC, Plaintiff remains obligated to continue making monthly payments, when sufficient funds are available, until the $350 filing fee owed for this case is paid in full. The current balance owed for the filing fee in this case is **$322.85**.

6. The Clerk shall send a copy of this Order to jail officials at the Rogers County Jail.

**DATED** this 18th day of August, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT